# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3619 | **DATE** | 12/28/2000 |
| **CASE TITLE** | Warrior Insurance Group, Inc. Vs. Insureon.Com, Inc. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion to strike affirmative defenses is granted in part and denied in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | number of notices | | **Document Number** |
|---|---|---|---|---|---|---|
| | No notices required. | | | | | |
| | Notices mailed by judge's staff. | | | DEC 2 9 2000 | | 14 |
| | Notified counsel by telephone. | | | date docketed | | |
| ✓ | Docketing to mail notices. | | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | | |
| WAH | courtroom deputy's initials | | Date/time received in central Clerk's Office | date mailed notice | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WARRIOR INSURANCE GROUP, INC.,)
an Illinois corporation,          )
                              )
          Plaintiff,     )
                              )
        vs.       )     No. 00 C 3619
                              )
INSUREON.COM, INC., a Delaware  )
corporation,             )
                              )
        Defendant.   )

DOCKETED
DEC 2 9 2000

## MEMORANDUM OPINION AND ORDER

This case illustrates what appears to be a difference in legal mores between New York and California on the one hand, and this area on the other. Defendant, with lead counsel from California, first filed 29 affirmative defenses. We struck them, with leave to amend. It did amend, coming up with nine affirmative defenses, actually more than that when considering the various aspects of some of them.

The rationale appears to be that a cautious pleader should raise every possible defense that might possibly have some merit if favorable facts should develop during discovery. But that approach just introduces a lot of expensive clutter and litigation is already far too expensive without that. It is far better to amend if discovery provides some substance to a possible defense not initially alleged.

So what have we here? Plaintiff alleges infringement of its registered marks, among other claims. Defendant admits it uses the mark "insure.com" but denies that use violates any intellectual property rights of plaintiff. That is a rather straightforward dispute.

The First Affirmative Defense is ostensibly an assertion that the complaint fails to state a claim. But the complaint plainly states claims. Defendant's contention is that plaintiff cannot prove those claims, but that is fully covered by its denials in its answer – with one exception. The defendant affirmatively asserts that the marks are, in whole or in part, generic, functional and/or merely descriptive. But that is asserted in the Ninth Affirmative Defense. The First Affirmative Defense is stricken.

The Second Affirmative Defense alleges estoppel by acquiescence "through ... acts and conduct." What defendant means by that is unclear. Extended acquiescence after an initial claim of rights may constitute conduct, an affirmative act, but here we are apparently talking about a matter of months. Perhaps defendant has something else in mind. The Third Affirmative Defense, *laches*, shares the same weakness. We cannot, however, dispose of those defenses by entering, in effect, judgment on the pleadings in the absence of some further exploration of the bases for defendant's contentions. We are mindful that defendant has an obligation not to advance those contentions unless it has a basis for doing so after reasonable inquiry. We also point out, in view of defendant's references to jury questions, that equitable defenses grounded in facts not common to the legal issues are matters to be determined by the court. Paragon Podiatry Laboratory, Inc. v. KLM Laboratories, Inc., 984 F.2d 1182 (Fed.Cir. 1993); Gardo Manufacturing, Inc. v. Herst Lighting Co., 820 F.2d 1209 (Fed.Cir. 1987). The motion to strike the Second and Third Affirmative Defenses is denied.

The Fourth Affirmative Defense pleads unjust enrichment and unclean hands. Again, it is difficult to understand what defendant is asserting. The allegations seem to suggest that if plaintiff wins it will be unfairly benefitted and defendant will be unfairly injured. But if plaintiff has superior rights then it is entitled to prevail. "Unclean hands" relates to conduct

that undermines plaintiff's right to pursue its claims, but that is not the tenor of defendant's allegations. If defendant means to attack conduct other than bringing a lawsuit to seek enforcement of alleged intellectual property rights, then it should let the plaintiff and the court know what conduct it has in mind. Further, we agree with plaintiff that unjust enrichment is not an affirmative defense. The Fourth Affirmative Defense is stricken.

In the Fifth Affirmative Defense defendant claims plaintiff has failed to mitigate damages, "including" failing to employ administrative remedies under the Uniform Domain Name Dispute Resolution Policy. Failure to mitigate damages is an affirmative defense, but we do not see how a decision by a party alleging trademark infringement not to initiate a non-binding administrative proceeding confined to domain name dispute resolution has any possible impact on damages. We strike the references to the Policy. What is left appears suspiciously similar to Affirmative Defenses Second and Third, but we will let it stand for now.

The Sixth Affirmative Defense is fair use. Defendant contends that even if the marks are similar, use reasonably necessary to identify its services is a fair use. Not so. As a case relied upon by defendant indicates, New Kids on the Block v. News Am. Publishing, Inc., 23 U.S.P.Q.2d 1534 (9th Cir. 1992), it may be a fair use for someone to use another's mark to identify the user's goods or services, such as an auto repair shop stating that it specializes in repairing Volkswagen automobiles, but not to use the mark as its own. The Sixth Affirmative Defense is stricken.

Finally, defendant in its Seventh Affirmative Defense claims that the Illinois state law claims are preempted by federal law. Perhaps, conceptually, some state law somewhere could be preempted by the Lanham Act as being in conflict with it. But federal trademark law is derived from state common law and statutory torts and parallels their protections. American

Tel. And Tel. Co. v. Winback & Conserve Programs, Inc., 42 F.3d 1421, 1433 (3d Cir. 1994), *cert. denied*, 514 U.S. 1103 (1995). The recent enactment of federal anti-dilution provisions. 15 U.S.C. 1125(c)(1), is a good example. Plaintiff here alleges violations of the Illinois anti-dilution statute, 765 ILCS 1036/65; Illinois unfair competition law; and the Illinois Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*. Defendant does not suggest any reasons why any of those laws are preempted, and we cannot conjecture any. The Seventh Affirmative Defense is stricken.

Finally, we will not impose sanctions, although it is a close question. We will be disposed to do so, however, if defendant continues needlessly to increase the expense and effort of this lawsuit.

JAMES B. MORAN
Senior Judge, U. S. District Court

Dec. 28 , 2000.